UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ROBERT J. LUMPKIN,

    Plaintiff,

v.

WASHINGTON CORRECTIONS CENTER,

    Defendant.

Case No. C09-5045 FDB/KLS

ORDER TO AMEND OR SHOW CAUSE

This matter has been referred to Magistrate Judge Karen L. Strombom pursuant to 28 U.S.C. § 636(b)(1), Local Rules MJR 3 and 4. The case is before the Court upon review of Plaintiff's complaint. After reviewing the Complaint and balance of the record, the Court finds and orders as follows:

**I. DISCUSSION**

Under the Prison Litigation Reform Act of 1995, the Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune

ORDER - 1

from such relief. 28 U.S.C. §§ 1915A(b)(1), (2) and 1915(e)(2); *See Barren v. Harrington*, 152 F.3d 1193 (9th Cir. 1998).

A complaint is legally frivolous when it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Franklin v. Murphy*, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. A complaint or portion thereof, will be dismissed for failure to state a claim upon which relief may be granted if it appears the "[f]actual allegations . . . [fail to] raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true." *See Bell Atlantic, Corp. v. Twombly*, 127 S.Ct. 1955, 1965 (2007)(citations omitted). In other words, failure to present enough facts to state a claim for relief that is plausible on the face of the complaint will subject that complaint to dismissal. *Id*. at 1974.

The court must construe the pleading in the light most favorable to plaintiff and resolve all doubts in plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). Although complaints are to be liberally construed in a plaintiff's favor, conclusory allegations of the law, unsupported conclusions, and unwarranted inferences need not be accepted as true. *Id*. While the court can liberally construe plaintiff's complaint, it cannot supply an essential fact an inmate has failed to plead. *Pena*, 976 F.2d at 471 (*quoting Ivey v. Board of Regents of Univ. of Alaska,* 673 F.2d 266, 268 (9th Cir. 1982)).

Unless it is absolutely clear that amendment would be futile, however, a *pro se* litigant must be given the opportunity to amend his complaint to correct any deficiencies. *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987).

On the basis of these standards, Mr. Lumpkin's allegations appear to fail to state a claim upon which relief can be granted.

**A.      Claim for Release**

Mr. Lumpkin alleges that he is being wrongfully held past his earned release date. Dkt. # 1-2, p. 3  Mr. Lumpkin alleges that he was sentenced to 15 months' imprisonment, that King County

ORDER - 2

gave him four months good time, and that he has been incarcerated for 11 months. *Id*. Mr. Lumpkin alleges that although his release date is January 19, 2009 and he has not done anything wrong, the Department of Corrections (DOC) refuses to release him from prison. *Id*. Mr. Lumpkin alleges that the DOC's refusal to release him violates his constitutional right to liberty of freedom. *Id*. According to documents filed with his proposed complaint, Mr. Lumpkin was convicted of a domestic violence no contact order and that his maximum release date is May 21, 2009. Dkt. # 4, p. 7.

To state a claim under 42 U.S.C. § 1983, at least two elements must be met: (1) the defendant must be a person acting under color of state law, (2) and his conduct must have deprived the plaintiff of rights, privileges or immunities secured by the constitution or laws of the United States. *Paratt v. Taylor*, 451 U.S. 527, 535 (1981).

Mr. Lumpkin alleges that DOC's refusal to release him violates his constitutional right to liberty. Dkt. # 1-2, p. 3. However, there is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of his sentence as he has no liberty interest protected under the Fourteenth Amendment in an early release into community custody. *See, e.g., Carver v. Lehman*, 550 F.3d 883, 888-889 (9th Cir. 2008) (in order to create liberty interest protected under Due Process Clause, state statute must contain explicitly mandatory language, *i.e.*, specific directives to decision-maker that if regulations' substantive predicates are present, particular outcome must follow).

In addition, when a person confined by government is challenging the very fact or duration of his physical imprisonment, and the relief he seeks will determine that he is or was entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). In order to recover damages for an alleged unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a

ORDER - 3

federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. *Heck v. Humphrey,* 512 U.S. 477, 486-87 (1994).

In this case, Mr. Lumpkin seeks release from prison "because [he] did [his] prison time." Dkt. # 1-2, p. 4. Because Mr. Lumpkin seeks release from confinement, his action is not cognizable under 42 U.S.C. § 1983 and the proper course of action to determine the invalidity of his confinement is through a habeas corpus petition.

**B.      Persons Named as Defendants**

In addition, Mr. Lumpkin has named only the Washington Correction Center as a defendant. However, to state a claim under 42 U.S.C. § 1983, a complaint must allege that the conduct complained of was committed by a person acting under color of state law and that the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled on other grounds*, *Daniels v. Williams*, 474 U.S. 327 (1986). Section 1983 is the appropriate avenue to remedy an alleged wrong only if both of these elements are present. *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985), *cert. denied*, 478 U.S. 1020 (1986).

Under 42 U.S.C. § 1983, claims can only be brought against people who personally participated in causing the alleged deprivation of a right. *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981). Neither a State nor its officials acting in their official capacities are "persons" under section 1983. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989). Additionally, state agencies, such as the Department of Corrections, are not "persons" within the meaning of 42 U.S.C. § 1983, and therefore they are not amenable to suit under that statute. *Maldonado v. Harris*, 370 F.3d 945, 951 (9th Cir. 2004), *cert. denied*, 125 S. Ct. 1725 (S. Ct. 1725 (2005) (*citing Will v. Mich. Dep't of State Police*, 491 U.S. at 70).

Naming only the DOC as a defendant is insufficient to state a claim. Mr. Lumpkin must set forth facts describing when and where and by whom he was deprived of a constitutional right. Mr. Lumpkin's complaint must include factual allegations describing how each individual caused or personally participated in causing him the harm that he claims he suffered.

ORDER - 4

Due to the deficiencies described above, the Court will not serve the complaint. Mr. Lumpkin may file an amended complaint curing, if possible, the above noted deficiencies, or show cause explaining why this matter should not be dismissed **no later than April 17, 2009**. Mr. Lumpkin's amended complaint shall consist of a short and plain statement showing that he is entitled to relief. Mr. Lumpkin shall allege with specificity the following:

(1) the names of the persons who caused or personally participated in causing the alleged deprivation of his constitutional rights;

(2) the dates on which the conduct of each defendant allegedly took place; and

(3) the specific conduct or action Plaintiff alleges is unconstitutional.

Mr. Lumpkin shall set forth his factual allegations in separately numbered paragraphs. The amended complaint shall operate as a complete substitute for (rather than a mere supplement to) the present complaint. Mr. Lumpkin shall present his complaint on the form provided by the Court. The amended complaint must be legibly rewritten or retyped in its entirety, it should be an original and not a copy, it may not incorporate any part of the original complaint by reference, and **it must be clearly labeled the "First Amended Complaint" and Cause Number C09-5045FDB/KLS must be written in the caption**. Additionally, Plaintiff must submit a copy of the "First Amended Complaint" for service on each named Defendant.

If Mr. Lumpkin decides that he has no claim for violation of his constitutional rights but that the relief he seeks is solely the speedier release from his imprisonment, then he has the option of filing a writ of habeas corpus.

If Mr. Lumpkin decides to file an amended civil rights complaint in this action, he is cautioned that if the amended complaint is not timely filed or if he fails to adequately address the issues raised herein **on or before April 17, 2009**, the Court will recommend dismissal of this action as frivolous pursuant to 28 U.S.C. § 1915 and the dismissal will count as a "strike" under 28 U.S.C. § 1915(g). Pursuant to 28 U.S.C. § 1915(g), enacted April 26, 1996, a prisoner who brings three or more civil actions or appeals which are dismissed on grounds they are legally frivolous, malicious, or fail to state a claim, will be precluded from bringing any other civil action or appeal *in forma*

ORDER - 5

*pauperis* "unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

**The Clerk is directed to send Mr. Lumpkin forms for the filing of a 42 U.S.C. 1983 civil rights complaint and a 2254 petition for writ of habeas corpus. The Clerk is further directed to send a copy of this Order and a copy of the General Order to Plaintiff**.

It is further **ORDERED** that Plaintiff's Proposed Motion to Receive Relief (Dkt. # 6) is **Denied as premature** as the Court has not yet accepted an appropriate or sufficient complaint nor has any defendant yet been served.

Dated this  25th  day of March, 2009.

Karen L. Strombom
United States Magistrate Judge

ORDER - 6