UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ROBERT J. LUMPKIN,

                  Plaintiff,

  v.

WASHINGTON CORRECTION CENTER,

                  Defendant.

No. C09-5045 FDB/KLS

**REPORT AND RECOMMENDATION
NOTED FOR: June 19, 2009**

This civil rights action has been referred to the undersigned United States Magistrate Judge Karen L. Strombom pursuant to Title 28 U.S.C. § 636(b)(1) and Local MJR 3 and 4. The Court ordered Plaintiff Robert J. Lumpkin to file an amended complaint or show cause explaining why this matter should not be dismissed for failure to state a claim under 42 U.S.C. § 1983. Dkt. 9. In response, Mr. Lumpkin filed two proposed civil rights complaints (Dkts. 10 and 11), a motion to proceed in civil rights complaint (Dkt. 13) and a proposed petition for writ of habeas corpus. Dkt. 12. The proposed civil rights complaints suffer from similar deficiencies as Mr. Lumpkin's original complaint and the undersigned concludes that further amendment would be futile.

REPORT AND RECOMMENDATION - 1

Mr. Lumpkin's proposed writ of habeas corpus must be dismissed because he has not presented this court with any indication that he has exhausted his state court remedies.

## I. BACKGROUND

On March 17, 2009, Mr. Lumpkin was granted leave to proceed *in forma pauperis* (Dkt. 7) and the Clerk filed his Complaint. Dkt. 8. In his original complaint, Mr. Lumpkin named the Washington Corrections Center as Defendant and alleged that he is being wrongfully held past his earned release date. Dkt. 8, p. 3 Mr. Lumpkin stated that he was sentenced to 15 months imprisonment, that King County gave him four months good time, and that he has been incarcerated for 11 months. *Id*. Mr. Lumpkin's earned early release date is January 19, 2009 and he alleged that, although he has not done anything wrong, the Department of Corrections (DOC) refuses to release him from prison. *Id*. Mr. Lumpkin alleged that the DOC's refusal to release him violates his constitutional right to liberty of freedom. *Id*. According to documents filed with his proposed complaint, Mr. Lumpkin was convicted of a domestic violence no contact order and his maximum release date is May 21, 2009. Dkt. # 4, p. 7.

By Order dated March 25, 2009, the Court ordered that Mr. Lumpkin file an amended complaint or show cause why his complaint should not be dismissed. Dkt. 9. The Court advised Mr. Lumpkin that his pleading was deficient because (1) there is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of his sentence as he has no liberty interest under the Fourteenth Amendment in an early release into community custody; (2) when a person confined by government is challenging the very fact or duration of his physical confinement and the relief he seeks will determine that he is or was entitled to immediate release or a speedier release, his sole remedy is a writ of habeas corpus; and (3) he failed to properly identify the individuals who allegedly caused him harm. *Id*.

REPORT AND RECOMMENDATION - 2

On April 8, 2009, Mr. Lumpkin filed a proposed First Amended Complaint (Dkt. 10), a proposed Civil Rights Complaint (Dkt. 11), and a proposed Petition for Writ of Habeas Corpus (Dkt. 12). On May 5, 2009, Mr. Lumpkin filed a Motion to Proceed in Civil Rights Complaint Due to Discrimination. Dkt. 13. In the pleadings purporting to proceed as civil rights actions, Mr. Lumpkin alleges that Mark Stigall, his counselor, and Stella Jennings, a reentry specialist, violated his due process rights and discriminated against him by not assisting him in obtaining a release address and not telling him of transitional housing available for inmates without funds. He also asserts that his due process rights were violated because his good time credits were taken without legitimate reason. Dkts. 10, 11 and 13.

In his proposed petition for writ of habeas corpus, Mr. Lumpkin alleges that he was sentenced to 15 months and received four months good time credit from King County Jail, and that he has been in prison 11 months and was supposed to be released from prison on January 19, 2009, but the DOC has not yet released him. Dkt. 12. On the face of his habeas petition, Mr. Lumpkin indicates that he has not exhausted his state judicial remedies, either on direct appeal or through collateral proceedings, by presenting the highest state court available with an opportunity to rule on the merits of each and every issue he seeks to raise in federal court.

## II. DISCUSSION

A complaint is frivolous when it has no arguable basis in law or fact. *Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984). When a complaint is frivolous, fails to state a claim, or contains a complete defense to the action on its face, the court may dismiss an *in forma pauperis* complaint before service of process under 28 US.C. § 1915(d). *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987) (*citing Franklin v. Murphy*, 745 F.2d 1221, 1227 (9th Cir. 1984)). The court must construe the pleading in the light most favorable to plaintiff and resolve all

REPORT AND RECOMMENDATION - 3

doubts in plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). Unless it is absolutely clear that amendment would be futile, however, a *pro se* litigant must be given the opportunity to amend his complaint to correct any deficiencies. *Noll*, 809 F.2d at 1448.

Although complaints are to be liberally construed in a plaintiff's favor, conclusory allegations of the law, unsupported conclusions, and unwarranted inferences need not be accepted as true. *Id*. While the court can liberally construe plaintiff's complaint, it cannot supply an essential fact an inmate has failed to plead. *Pena*, 976 F.2d at 471 (*quoting Ivey v. Board of Regents of Univ. of Alaska,* 673 F.2d 266, 268 (9th Cir. 1982)).

To state a claim under 42 U.S.C. § 1983, a complaint must allege that (1) the conduct complained of was committed by a person acting under color of state law and that (2) the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled on other grounds*, *Daniels v. Williams*, 474 U.S. 327 (1986). Section 1983 is the appropriate avenue to remedy an alleged wrong only if both of these elements are present. *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985), *cert. denied*, 478 U.S. 1020 (1986).

A plaintiff must also allege facts showing how each individually named defendant caused or personally participated in causing the harm alleged in the complaint. *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981). A defendant cannot be held liable under 42 U.S.C. § 1983 solely on the basis of supervisory responsibility or position. *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 694 n. 58 (1978). A theory of *respondeat superior* is not sufficient to state a § 1983 claim. *Padway v. Palches*, 665 F.2d 965 (9th Cir. 1982).

On the basis of these standards, the undersigned concludes that Mr. Lumpkin has failed to state a claim upon which relief can be granted.

REPORT AND RECOMMENDATION - 4

As Mr. Lumpkin was previously advised, when a state prisoner challenges the fact or duration of his confinement, and the relief he seeks entails a speedier release from that confinement, his sole federal remedy is a writ of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475, 499 (1972). A prisoner challenging the denial of good time credits is, in effect, claiming that his sentence should be shorter. His sole remedy is habeas corpus. *Toussaint v.* McCarthy, 801 F.2d 1080, 1096 n. 14 (9th Cir. 1986). Therefore, this Court must construe Mr. Lumpkin's challenge to the denial of his good time credits as a habeas petition.

In addition, prisoners in state custody who wish to challenge the length of their confinement in federal court by a petition for writ of habeas corpus are first required to exhaust state judicial remedies, either on direct appeal or through collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each and every issue they seek to raise in federal court. *See* 28 U.S.C. § 2254(b)(c); *Granberry v. Greer*, 481 U.S. 129, 134 (1987); *Rose v. Lundy*, 455 U.S. 509 (1982); *McNeeley v. Arave*, 842 F.2d 230, 231 (9th Cir. 1988).

State remedies must be exhausted except in unusual circumstances. *Granberry*, *supra*, at 134. If state remedies have not been exhausted, the district court must dismiss the petition. *Rose, supra*, at 510; *Guizar v. Estelle*, 843 F.2d 371, 372 (9th Cir. 1988). As a dismissal solely for failure to exhaust is not a dismissal on the merits, *Howard v. Lewis*, 905 F.2d 1318, 1322-23 (9th Cir. 1990), it is not a bar to returning to federal court after state remedies have been exhausted.

Mr. Lumpkin was carefully instructed as to the elements of a Section 1983 action and was given ample opportunity to show cause and properly plead such an action in this Court. He has failed to do either. Although Mr. Lumpkin named individual defendants in his proposed

REPORT AND RECOMMENDATION - 5

amended complaint, he has failed to allege a claim under 42 U.S.C. § 1983 because he is still raising an issue for which there is no Constitutional protection. As Mr. Lumpkin was previously advised, there is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of his sentence as he has no liberty interest protected under the Fourteenth Amendment in an early release into community custody. *See, e.g., Carver v. Lehman*, 550 F.3d 883, 888-889 (9th Cir. 2008).

### III. CONCLUSION

Plaintiff has failed to state a claim as a matter of law under 42 U.S.C. § 1983 and has failed to exhaust his state court remedies. Therefore, this action should be **dismissed without prejudice.** Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report and Recommendation to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **June 19, 2009,** as noted in the caption.

DATED at Tacoma, Washington this 28th day of May, 2009.

Karen L. Strombom
United States Magistrate Judge

REPORT AND RECOMMENDATION - 6